(Cuyahoga County Court of Common Pleas.)

### MARY E. HART v. PHILIP HART.

It is not consistent with our legislation upon the subject of divorce and alimony, judgments and orders, to undertake to enforce the payment of a judgment in money awarded as alimony in gross, under our statute, by a contempt proceeding against the husband. Proceedings in aid of execution are the proper remedy.

(Decided October, 1894.)

---

ONG, J.

The case is before the court on a motion to require the defendant, Philip Hart, to show cause why he should not be proceeded against for contempt of the court for his failure to pay a judgment of $1,000.00 heretofore rendered against him in this court. A brief history of the case and that which leads to the filing of the present motion, is substantially as follows: December 31, 1891, the plaintiff, Mary E. Hart, commenced in this court against Philip Hart, an action for divorce and alimony, which cause afterwards, to-wit: on the 10th day of January, 1893, was duly heard by the court, and a divorce granted the plaintiff on the aggression and cruelties of the defendant Philip Hart. At the same time, a judgment for alimony in the sum of $1,000.00 was rendered against the defendant which be-

came a lien on the property of the defendant. It is said shortly after the decree of divorce and judgment for alimony was rendered, the defendant who was possessed of some property, including an interest in a saloon located in the city of Cleveland, in collusion with one Edward Ready, transferred all his property to said Edward Ready, for the purpose of placing it beyond the reach of the plaintiff, and to hinder and delay her in the collection of said judgment. Proceedings were had under the statutes in this state in aid of execution; all attempts, however, made have been thus far a failure in the collection of the judgment. Hence, the plaintiff files this motion, and asks that the defendant be committed on his failure to show cause why he is not in contempt of court, presenting to this court, I believe for the first time in this state, the question as to whether or not a judgment for alimony, rendered at the termination of a final hearing for divorce, is such an order or judgment of the court that the failure on the part of the debtor to pay or comply with the judgment is a contempt of the court making such order or rendering such judgment. Upon a careful examination of the authorities, I am somewhat surprised to find many courts holding that such a judgment as is rendered in the case at bar, may be enforced by a proceeding such as is asked for in this action. However, on the other hand many have just as clearly held to the contrary, all, however, so far as my examination has gone, both by the text writers and decisions, are of one accord in enforcing orders made by the court for alimony *pendente lite*, the distinction being made on the ground that the order for *pendente lite* is one made while the parties are before the court, and, among other things, to enable the parties to bring all the facts and evidence in support of the issue before the court, that the judge may be able to render a true and righteous judgment at the final hearing between the parties. Nearly all of the states of the union have made divorce more or less a statutory proceeding. Ohio among the others has to some extent legislated upon this subject, for instance, from section 5699, to and including section 5702 of the Revised Statutes. I have not met, in my examination of this subject, with as full and complete statutory regulations in any of the states as is had in the sections just read and referred to, and it will be observed that under section 5701, the order, as before indicated, grows out of the necessity of the case, so much so, that the order may be made in vacation, and not only made in vacation, but after it is so made and allowed pending the suit, the wife may sell and assign the order for alimony or allowance after the same is made, and it is no longer an open question in this state about the right of the courts to enforce its order, and for contempt if not obeyed by the party against whom it is made. But under our statutes and the holdings of our courts, may the final judgment, as rendered in this case, as is provided for in section 5699, be enforced in like manner? That section provides for the allowance in favor of the wife for such alimony out of her husband's real and personal property as is just and equitable, which may be allowed to her in real or personal property, or both, *or in money*, payable either in *gross* or in installments. In the case at bar a judgment was rendered in gross. It will be observed that the language used in section 5699 is to allow, etc., in favor of the wife at the *final hearing*, whilst in section 5701 the language used by the statute is that the court, on application, may grant alimony to the wife for her sustenance and expense during the suit, etc., a clear distinction made by the statutes in this state. I am not troubled so much with the doctrine that to allow this motion and punish the defendant by imprisonment, is an imprisonment for debt, as to and with the question of jurisdiction, and the fact that a judgment was in this case rendered against the defendant in gross, payable in gross, for the sum of $1,000.00. A judgment for the payment of money as defined by section 5310, is the *final determination* of the rights of the parties

in the action ; a direction of a court or judge made or entered in writing, or not included in a judgment, is an order.   The determination of the rights of the parties in this action was, as I have said, settled by a judgment of the court in favor of the plaintiff against the defendant for the sum of $1,-000.00, in gross.   This being a judgment as defined by section 5310, rendered upon the final hearing of the cause, this court is not clothed with jurisdiction to direct the payment of the judgment, or in default commit for contempt.   Furthermore, the legislature of Ohio has provided another and different remedy for the enforcement of all judgments rendered by a court of competent jurisdiction against the parties for the payment of money only, and that is in addition to an execution, and after the same has been returned unsatisfied.   Proceedings may be instituted under our statute called a proceeding in aid of execution, wherein full and complete investigation can be had, the defendant required to disgorge and expose all of his property that he may have theretofore concealed from execution, and his failure to comply with the order of the court to appear and thus submit to an examination, may be summarily dealt with and punished as of a comtempt.   So I do not believe it consistent with our legislation upon the subject of divorce and alimony, judgments and orders, to undertake to enforce the payment of a judgment for money, in gross, under our statute, by a contempt proceeding.   I am decidedly of the opinion that the remedy sought cannot be enforced in this case, and for the reason herein expressed, the motion is denied, and the order of attachment will not issue.

*Col. John O. Winship*, for plaintiff.

*William A. Babcock*, for defendant.